# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7533 | **DATE** | 1/23/2004 |
| **CASE TITLE** | Inductametals Corp. vs. Arent Fox Kintner | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Inductametals Corporation's motion for reconsideration is denied for the reasons stated in the attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 26 2004 date docketed | 69 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

INDUCTAMETALS CORP., )
　)
　　Plaintiff/Counter-Defendant, )
　)
vs. )
　)
ARENT FOX KINTNER PLOTKIN & )
KAHN, PLLC, ) Case No. 01 C 7533
) Magistrate Judge Schenkier
　　Defendant/Counter-Plaintiff, )
　)
vs. )
　)
INDUCTAMETALS CORP., )
ACME WINDOW COVERINGS, LTD., )
THEODORE KRENGEL AND JOSHUA )
KRENGEL, )
　)
　　Counter-Defendants. )

## MEMORANDUM OPINION AND ORDER

On January 9, 2004, this Court issued a Memorandum Opinion and Order ("Order") granting the motion for partial summary judgment filed by Arent Fox against Inductametals Corporation ("IDM") on counts II and III of IDM's complaint (doc. # 65). In response, IDM has now filed a motion for reconsideration, asking that the Court withdraw its summary judgment order and to strike certain assertions of fact by Arent Fox in its reply submission on summary judgment. For the reasons that follow, IDM's motion for reconsideration is denied.

### I.

Motions to reconsider "should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Security Pacific-Financial Services, Inc.*, 162 F.R.D. 123, 125 (N.D.Ill. 1995). A motion for



reconsideration is not "a vehicle by which a party may seek 'to undo its own procedural failures or to introduce new evidence or advance arguments that could have and should have been presented to the District Court prior to the judgment.'" *Kalis v. Colgate Palmolive Co.*, No. 95 C 7633, 1999 WL 417463, *1 (N.D. Ill. June 17, 1999) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)). Rather, a motion to reconsider is appropriate where the Court "has made a decision outside the adversarial issues presented to the Court by the parties;" has applied the incorrect legal standard; or has made "an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1999). *See also Kinesoft Development Corp. v. Softbank Holdings Inc.*, No. 99 C 7428, 2001 WL 197631, *1 (N.D.Ill. Feb. 17, 2001). Whether to grant a motion to reconsider is a matter committed to the sound discretion of the Court. *Caisse Nationale de Credit v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

IDM raises three arguments in support of its motion. *First*, IDM claims that the Court "erroneously relied on Arent Fox's improperly submitted allegations [in response to paragraph 1 of IDM's 56.1(b)(3)(B) Statement of Additional Facts] in reaching its conclusions": specifically, that "IDM's only antitrust counterclaim did not accrue until May 2001" (IDM's motion, at 6 (citing Order, at 14-15)). *Second*, IDM argues that the Court's decision "misapprehends prevailing Fourth Circuit law regarding compulsory counterclaims" (IDM's Motion, at 7). *Third*, IDM asserts that the Court "misapprehends key facts and erroneously views certain evidence in a light unfavorable to IDM" (IDM's Motion, at 9). We address each argument *seriatim*.

2

## A.

Rule 56.1 of the Local Rules for the Northern District of Illinois states that a party opposing summary judgment may file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. ILL. LR 56.1(b)(3)(B). The Local Rules further provide that if a statement of additional facts is submitted by the opposing party, then "the moving party may submit a concise reply in the form of prescribed in that section for a response." N.D. ILL. LR 56.1(b)(3)(B). The Local Rules also provide that if a statement of additional facts is submitted by the opposing party, "the moving party may submit a concise reply in the form prescribed in that section for a response." N.D. ILL. LR 56.1(a)(3)(B). Any material facts set forth in the statement of additional facts filed by an opposing party under Section (b)(3)(B) "will be deemed admitted unless controverted by the statement of the moving party." (*Id.*)

In response to Arent Fox's summary judgment motion, IDM filed a statement of additional facts as permitted by LOCAL RULE 56.1(b)(3)(B). Paragraph 1 of that additional statement made the following assertion:

> Despite Arent Fox's statements to the contrary, IDM's defenses and potential causes of action against Xaloy were not still viable at the time IDM replaced Arent Fox with Jenner & Block. *See* Affidavit of Matthew M. Neumeier ("Neumeier affidavit"), attached as Exhibit A, at ¶ 3. When Jenner & Block entered the litigation, IDM was in default of its pretrial disclosure obligations because Arent Fox had failed to make the required disclosure regarding witness lists, including experts; had failed to serve IDM's responses to Xaloy's contention interrogatories despite a Court order tod do so; had failed to disclose any support for IDM's defenses; and had failed to file or pursue any counterclaims on IDM's behalf. *See id.* at ¶ 3a.

3

IDM's Rule 56.1(b)(3)(B) Statement of Additional Facts, ¶ 1. In response to that assertion, Arent Fox denied the allegations, and then set forth an explanation of the factual basis for the denial:

> There is no evidence in the record demonstrating that IDM's defenses and potential causes of action against Xaloy were not still viable at the time IDM replaced Arent Fox with Jenner & Block. To the contrary, undisputed facts demonstrate that IDM's defenses and potential counterclaims continue to be viable following Judge Turk's June 8 order, which continues the trial date and gave IDM unspecified additional time to complete discovery. DSMF, Ex. 27. Consistent with these facts, Jenner & Block asserted its available affirmative defenses to successfully oppose Xaloy's motion for preliminary injunction, in expert reports IDM provided Xaloy, and in the mediation brief IDM submitted to the Magistrate Judge. Pl.'s Rule 56.1 Resp. at ¶¶ 19-21, 23, 25. Moreover, the only potential counterclaim or cause of action available to IDM in the in Xaloy litigation was an antitrust claim (which IDM alleges was based on Xaloy's "conduct in the marketplace") that did not accrue until May 24, 2001 – one week after IDM was replaced. DSMF Ex. 7, J. Krengel Dep. at 158-59, Ex. 1, ¶ 26. And as IDM admits, it representing to the Court in a contemporaneous pleading governed by Rule 11 that it intended to pursue such a claim following the Xaloy litigation. Pl.'s Rule 56.1 Resp. at ¶ 25.
>
> Answering further, the allegations of Mr. Neumeier's affidavit – on which the alleged facts stated in paragraph 1 are entirely based – are conclusory in nature and unsubstantiated by facts or record evidence. As a matter of law, Mr. Neumeier's affidavit is insufficient to create a genuine issue of material fact under Federal Rule of Civil Procedure ("FRCP") 56. See Def. Reply Mem. in Supp. at pp. 5-6. Arent Fox further objects to the allegations of paragraph 1 on the ground that IDM has precluded discovery and to the allegations of Mr. Neumeier's affidavit by asserting the attorney-client privilege over Mr. Neumeier's opinion and understanding of the alleged facts stated therein. DSMF, Ex. 5, T. Krengel Dep. at 230-32, 234, 236-38; Ex. 7, J. Krengel Dep. at 41-42, 76-77, 181-82, 183. Arent Fox denies the remaining allegations of paragraph 1.

Arent Fox's Response to IDM's Rule 56.1(b)(3)(B) Statement of Additional Facts, ¶ 1.

IDM claims that this response by Arent Fox violated Local Rule 56 by alleging "new facts, namely, that IDM had only one available antitrust counterclaim that did not accrue until May 2001"

4

(IDM's Motion, at 5), and because the response "argued facts – rather than responding concisely as required by Local Rule 56.1" (*Id.*). For the following reasons, we reject those arguments.

*First*, we are not persuaded that Arent Fox violated Rule 56.1 in the way that it responded to paragraph 1 of IDM's statement of additional facts (and we note that IDM does not point to any alleged impropriety with respect to any of Arent Fox's responses to IDM's thirteen other statements of additional facts). While there is some argumentation in Arent Fox's response, we do not believe it is excessive or materially different from the level of argumentation contained in IDM's Rule 56 statements – and, in any event, in deciding the summary judgment motion, the Court was concerned with the evidence submitted in connection with the parties' Rule 56 statements and not with any argument they contained.

Moreover, we note that Arent Fox's statements concerning IDM's unasserted antitrust claim was in direct response to IDM's statement in its statement of additional facts that Arent Fox had improperly failed to pursue claims. Arent Fox's response denied IDM's assertion, and then did what Rule 56.1 requires – it controverted that assertion with evidence. Moreover, the evidence offered to support the denial was not new: Arent Fox referred to deposition testimony that already had been submitted by Arent Fox in support of the factual assertions in its original statement of undisputed facts. While IDM argues that evidence submitted to rebut a statement of additional facts must be contained in a separate statement of additional or supplemental facts, we find no requirement in Local Rule 56.1 for Arent Fox to follow that form.

*Second*, if IDM believed that there was some important irregularity in Arent Fox's response to IDM's statement of additional facts, IDM had ample opportunity to raise that point prior to the summary judgment ruling. Arent Fox's reply materials on summary judgment (including its

response to IDM's statement of additional facts) were filed on October 14, 2003. The Court's summary judgment ruling issued on January 9, 2004. During that nearly three-month period, IDM never raised any issue concerning Arent Fox's response to the statement of additional facts either in a written motion or orally during the proceedings in the case that took place in open court on December 4 and December 16, 2003.[1] Instead, IDM waited until this Court ruled on the motion for summary judgment to raise its current complaint about Arent Fox's response to paragraph 1 of IDM's statement of additional facts.

As we said before, a motion to reconsider may not be used to advance arguments that could have been raised prior to judgment. *Moro*, 91 F.3d at 876. "[I]t would not be appropriate for the Court to allow [IDM], now that it knows the Court's thinking on these issues, to reargue its motion for summary judgment with a theory [or evidence] that [IDM] decided not to pursue on the first go around." *See Kinesoft*, 2001 WL 197631, at *2 (citing *Moro*, 91 F.3d at 876). This Court will not give IDM another bite at the apple to address an issue that it had ample time to raise prior to the entry of summary judgment.

*Third*, even at this late stage, IDM has not offered evidence to show that the evidentiary assertion contained in Arent Fox's response is genuinely in dispute. IDM submits that the "motion for reconsideration is not the appropriate vehicle for IDM to demonstrate to the Court how it would have responded to Arent Fox's new allegations if Arent Fox had complied with Rule 56.1" (IDM's Motion, at 7 n.1). We agree – the time to do so was prior to the entry of summary judgment. It was IDM's burden to "wheel out all of its artillery" in defense of its claims by pointing the Court to

---

[1] During the proceedings on December 16, 2003, IDM stated that it might seek to supplement its summary judgment response with excerpts from recently completed depositions. However, IDM never sought to do so.

6

evidence in the record that establishes the presence of a genuinely disputed question of material fact. *Caisse Nationale De Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). IDM failed to do so on summary judgment. It would be a misuse of the vehicle of motions to reconsider to allow IDM a third opportunity to offer evidence – if IDM had it – that IDM failed to submit during the pendency of the summary judgment motion.

**B.**

In granting summary judgment, the Court pointed out that the only evidence of any claim that IDM had considered asserting against Xaloy, but had not asserted, was an antitrust claim. The Court pointed to evidence that IDM had submitted a mediation brief shortly prior to settlement stating that it intended on pursuing an antitrust claim against Xaloy in a separate lawsuit, if IDM prevailed on Xaloy's claims, based on a theory that Xaloy had used the litigation and threats of patent infringement to destroy IDM (Order, at 15). The Court further pointed out that under the Supreme Court decision in *Mercoid v. Mid-Continent Inv. Co.,* 320 U.S. 661, 671 (1944), IDM would be able to pursue that claim in a separate lawsuit and not as a compulsory counterclaim to Xaloy's complaint (Order at 15).

IDM argues that the Court erred in its legal analysis, because *Mercoid* "is not controlling law in the Fourth Circuit where the IDM/Xaloy lawsuit was heard" (IDM's Motion at 8). This argument is unpersuasive for several reasons.

*First*, at the threshold, we note that *Mercoid* remains good law until the Supreme Court says otherwise – and, the Supreme Court has not yet done so. Moreover, the putative antitrust claim was based on alleged contacts with IDM's customers. IDM has not offered evidence to show that these customers – and Xaloy's conduct toward them – occurred only in territory within the Fourth Circuit.

7

Thus, IDM has not explained why, if it filed an antitrust claim against Xaloy, IDM would have been compelled to file that suit in a court within the Fourth Circuit rather than in some other jurisdiction, which arguably has applied the *Mercoid* doctrine more generously than has the Fourth Circuit.

In addition, IDM has not offered facts to show that a separate antitrust claim against Xaloy would have been barred under Fourth Circuit law. In *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.3d 380, 389 (4th Cir. 1982), the Fourth Circuit declined to apply *Mercoid* on the facts presented in *Burlington*. The antitrust counterclaim presented in the *Burlington* case was compulsory because it "arose out of the very transaction which was the subject matter of the complaint." *Burlington*, 690 F.2d at 289-90. In this case, IDM has failed to offer evidence to show that the *Burlington* distinction of *Mercoid* is applicable here.

To the contrary, there is evidence that the antitrust claim did not arise out of the transaction that was the subject matter of the complaint, but rather was based on post-complaint conduct that occurred as recently as late May 2001. IDM does not point to any evidence – and did not do so in opposing summary judgment – to indicate that there had been any ruling in the Xaloy litigation that the antitrust claim was compulsory and could only be brought, if at all, in that litigation. Evidently, IDM did not think that was the case in July 2001: at that time, IDM submitted a mediation brief stating that IDM planned to pursue the antitrust claim in a separate lawsuit, if IDM prevailed in the Xaloy litigation.

*Second*, we are again left to wonder why IDM's current arguments about the continuing vitality of the *Mercoid* decision was raised for the first time on a motion for reconsideration, rather than during the briefing on summary judgment. Arent Fox cited the *Mercoid* decision in its reply memorandum in support of summary judgment, filed on October 14, 2003 (Def.'s Reply Mem. at

8

9). If IDM believed that *Mercoid* was not good law, and that (contrary to what IDM said in its mediation brief) IDM could not pursue an antitrust claim against Xaloy in a separate lawsuit, then IDM certainly could have raised that issue by a request to cite additional authority, or to file a supplemental memorandum addressing that point. IDM did not pursue either course, and IDM's motion for reconsideration fails to persuade us that the Court's legal analysis on this point was incorrect.

C.

Finally, IDM asserts that this Court "misapprehends key facts and erroneously views certain evidence in a light unfavorable to IDM" (IDM's Motion at 9). The "key facts" IDM says the Court misapprehended are: (1) that Mr. Neumeier's deposition was never taken by Arent Fox, contrary to the Court's statement in its Opinion (IDM's Motion, at 9-10); (2) "the sequence of events in July 2001[,]" namely, that although Jenner & Block argued in IDM's mediation brief that an antitrust claim could be brought against Xaloy in a separate action, that brief was written *before* the pre-trial conference, at which the "Magistrate Judge made clear . . . that counterclaims were not *then* available" (*Id.*, at 10 (emphasis added)); and (3) the Court failed "to construe the record in a light most favorable to the non-movant" (*Id.*, at 10) and, according to IDM, failed "to provide IDM – the nonmovant – the appropriate inferences" (*Id.*).

*First,* IDM is correct that the Court erred when it wrote that IDM asserted attorney-client privilege during Mr. Neumeier's deposition (Order, at 15 n.9); the assertion of privilege occurred during Mr. Krengel's deposition. However, that error caused no prejudice to IDM. Arent Fox had argued that the Court should not consider the Neumeier and Krengel affidavits on summary judgment because of the prior assertion of privilege. As the Court explained (Order, at 15 n.9), the

9

Court nonetheless elected to consider those affidavits. For reasons wholly unrelated to any prior assertion of privilege, the Court found those affidavits insufficient to create a genuine issue of material fact (*see* Order, at 15-16 and n.10, 17-18 and n.11, 19-21).

*Second*, IDM asserts that the Court misunderstood the sequence of events in July 2001. There is no dispute that the mediation brief submitted on behalf of IDM stated that IDM intended to pursue an antitrust claim against Xaloy – but, only in a separate lawsuit, and only if IDM first prevailed on Xaloy's claims in the then-pending litigation (*see* Order, at 8). IDM claims that the Court misunderstood that after this mediation brief was submitted, the magistrate judge presiding over the settlement conference told IDM that it could not file any counterclaims in the case.

The Court was not under any "misunderstanding" concerning that sequence of events. But, the problem for IDM is that this sequence of events failed to assist IDM in opposing summary judgment – and fails to assist IDM in its motion for reconsideration. The Court concluded that IDM had failed to identify any specific claim against Xaloy, contemplated but not yet filed at the time of settlement, other than the antitrust claim referred to in the mediation brief (Order, at 14). As was true in its filings in connection with the summary judgment motion, IDM's motion for reconsideration fails to identify any other claim it contemplated against Xaloy. And, with respect to that antitrust claim, IDM offered no evidence that it planned or sought to pursue that antitrust claim as a counterclaim in the Xaloy litigation; to the contrary, IDM's mediation brief squarely stated that IDM planned to pursue that claim in a separate lawsuit. Thus, accepting that during the settlement conference with the magistrate judge "it was made clear that no counterclaims could be asserted against Xaloy" (IDM Add'l Facts, Ex. A, ¶ 3(b)), that evidence does not create a genuine dispute of material fact given (a) the unrebutted evidence, contained in IDM's own mediation brief,

that it intended to pursue the antitrust claim in a separate lawsuit and not in a counterclaim, and (b) the absence of any evidence from IDM as to any other claim that it was prevented from pursuing against Xaloy.[2]

*Third*, IDM argues that the Court failed to draw appropriate inferences in IDM's favor, focusing on the Court's treatment of the Neumeier and Krengel affidavits and on the Court's discussion of the $10,000.00 sanction imposed by Judge Turk (IDM Motion, at 10-12). As for the affidavits, the Court found that they failed to create a genuine dispute of material fact for trial, not because the Court declined to draw inferences favorable to IDM from any "specific concrete facts" set forth in those affidavits, but because the affidavits failed to provide specific facts that would create a genuine issue for trial (*see* Order, at 15-16 and n.10, 17, n. 11). And, the fact that Judge Turk imposed a $10,000.00 sanction against IDM for failures that *might be* attributed to Arent Fox (we cannot know that for sure because neither party supplied us with a transcript of the proceedings or the memorandum opinion referenced in the Court's Order) does not speak to the critical issue of whether those failures resulted in the irretrievable loss of claims or defenses for IDM – losses that Jenner & Block could not cure or overcome upon its entry into the case. In its summary judgment papers, IDM failed to point to any evidence that links the $10,000.00 sanction with the loss of any claim or defense (Order, at 20) – and IDM again has failed to do so in its motion for reconsideration.

---

[2] At one point in its motion, IDM claims that the magistrate judge who presided over the mediation "made clear" that the antitrust claim "could not be brought separately" (IDM Motion at 11). That statement is not supported by the Neumeier affidavit, which states that at the mediation conference with the magistrate judge "it was made clear that no *counterclaims* could be asserted against Xaloy" (IDM Add'l Facts Ex. A, ¶ 3(b) (emphasis added)). The Neumeier affidavit does not state that the magistrate judge indicated that IDM would be unable to pursue the antitrust claim in a separate action against Xaloy – the course of action that IDM had stated in its mediation brief that it would pursue.

11

## CONCLUSION

For the reasons set forth above, IDM's motion for reconsideration is DENIED.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: January 23, 2004